<u>**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**</u>

I, Meghan Ronayne, being duly sworn, depose and state as follows:

**INTRODUCTION**

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"). I have been employed by HSI since August 2020 and I am currently assigned to the Office of the Special Agent in Charge ("SAC") New England in Boston, Massachusetts. While employed by HSI, I have investigated federal criminal violations related to child exploitation and child pornography. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia, where I received training to become a federal agent; specifically, I received a certification in the Criminal Investigator Training Program and the HSI Special Agent Training Program.

2. I submit this Affidavit in support of an application for a criminal complaint charging Joao Carlos TAVARES DA SILVA ("TAVARES") (YOB 2004), with a violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), possession of child pornography.

3. The facts set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; my review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience and the training and experience of other agents who have worked on child exploitation investigations for years. This affidavit does not set forth each and every fact known to me with

1

respect to this investigation. Rather, it contains those facts that I believe to be necessary to establish probable cause for the criminal complaint.

**STATEMENT OF PROBABLE CAUSE**

4.  In January 2026, law enforcement became aware of an Interpol Red Notice that was put out for TAVARES from Brazil on October 17, 2025. On October 7, 2025, an arrest warrant (Warrant Number: 1557615-44.2025.8.26.0050.01.0001-17) was issued for TAVARES out of the 3rd Court for Crimes Committed Against Children and Adolescents of the District of São Paulo, Brazil, charging TAVARES with statutory rape; production, reproduction, direction, recording or filming of scenes of explicit sexual acts or pornography involving children or adolescents and selling or offering for sale any photograph, video, or other recording that contains scenes of explicit sexual acts or pornography involving a child or adolescent[1].

5.  In January 2026, law enforcement communicated with São Paulo police detectives who had investigated TAVARES in Brazil. The detectives explained that their investigation originated from five CyberTip reports made by Google to the National Center for Missing and Exploited Children (NCMEC).  These CyberTips contained 12 images classified as "unfamiliar" by NCMEC, meaning the files were not recognized in existing databases and may indicate the original production of child sexual abuse material (CSAM).

---

[1] Brazil's Article 217-A of the Penal Code criminalizes sexual acts with minors under 14 (estupro de vulnerável), while Articles 240 and 241-B of the Child and Adolescent Statute (ECA) (Law 8.069/90) address child pornography/exploitation and the production/distribution of child sexual abuse material.

6.  Google reported that twelve of the CSAM files, which I have reviewed, appear

    unfamiliar and may be homemade and/or newly produced. Google provided

    metadata associated with all twelve files which indicated the files were taken with

    a Motorola Moto g(8) play2 and had a creation date of December 28, 2021. All

    twelve unfamiliar files appear to depict an infant aged female child whose genitals

    are exposed to the camera. In nine of the twelve files, what appears to be an adult

    hand can be seen touching the infant child's vagina and spreading the infant's labia

    open. Two files are specifically described below:

    a. ██████████████████████████████████████
       ██████████████████████████████████████
       ██████████████████████████████████████
       ██████████████████████████
       ██ ████████████████████████████████████
       ██████████████████████████████████
       ██████████████████████████████████
       ██████████████████████████████
       ██████████████████████

7.  During the execution of a search warrant in Brazil in September 2025, São Paulo

    detectives interviewed TAVARES' father, Raphael Lima da Silva. The detectives

    presented the 12 unidentified images, including the one described in paragraph 6,

    and Mr. Lima da Silva confirmed that the child depicted in the photos was a minor

    known to the defendant. ██████████████████████████

    ██████████████████████████████████████████

    ██████████████████████████████████████████

    ██████████████████████████████████████

    ██████████████████████████████████████████

---

[2] I know this device to be an Android smartphone.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████ Mr. Lima da Silva also confirmed that the cell phone TAVARES used at that time was a Motorola Moto G(8) Play, which he had purchased for his son.

8. Law enforcement databases revealed that in July 2022, TAVARES' mother, Antonia Marcelia Tavares filed a USCIS Form I-130, Petition for Alien Relative for TAVARES. The I-130 was approved in April of 2024. TAVARES arrived in Boston, Massachusetts on May 11, 2025, via a flight from São Paulo/Guarulhos–Governor André Franco Montoro International Airport in Brazil.

9. Law enforcement databases further revealed that TAVARES was issued a U.S. Permanent Resident Card ("Green Card") on June 20, 2025.

10. On January 21, 2026, HSI agents, with the assistance of local law enforcement, executed federal warrants authorizing them to search TAVARES and a residential address in Milford, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A.

11. At approximately 0600 hours, law enforcement located TAVARES at his residence in Milford.  He was provided with a copy of the warrant for his person and residence and interviewed.

12. Agents identified and seized two mobile phones belonging to TAVARES; an iPhone 14 and a dark blue Xiaomi Android mobile phone.  Both phones were located in a bedroom that was used solely by TAVARES.

13. Based upon my training and experience, I am aware that iPhones are manufactured primarily in China, Vietnam and India. Xiaomi devices are manufactured in China; neither device is manufactured in Massachusetts.

14. Agents advised TAVARES of his rights pursuant to *Miranda* in writing, in Portuguese.  TAVARES indicated that he understood those rights, waived them in writing, and agreed to speak with agents.  The interview was audio recorded. TAVARES's statements are summarized herein rather than recounted verbatim unless indicated otherwise.

15. TAVARES stated that both phones referenced in paragraph 12 belonged to him. He stated that he obtained the Xiaomi while living in Brazil and brought it to the United States.  He further stated that he obtained the iPhone 14 while living in the United States.  TAVARES provided the passcodes for both phones. TAVARES stated that he was the sole user of both phones.

16. TAVARES stated that he understood what child pornography was and understood it was illegal in the United States. TAVARES stated that started watching child pornography around 16 years old but stated it was mostly anime at first. TAVARES stated that he was in group chats on Telegram and would save images and videos of child pornography to his phone and stated he saved it to Google photos.

17. TAVARES confirmed that there was child pornography saved to his old Google account associated with the email livefire2004@gmail.com, and stated Google shut down his account. When asked if agents would locate child pornography on his cell phones, TAVARES stated not on his iPhone 14 but there could possibly be child pornography on his other phone (the Xiaomi).

18. HSI agents performed a preliminary examination of the Xiaomi phone. A manual review of the device was conducted. The device name was Redmi Note 12s and had two Brazilian phone numbers associated with it and five Google accounts.

19. Agents identified numerous images and videos that constitute child pornography in the Gallery[3] application on the Xiaomi device. The following are three examples of child pornography files found:

20. Local path: internal storage/pictures/Telegram/██████████████████████.jpg

████████████████████

███████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████

██ Local path: internal storage/Movies/Telegram/

███████████████████████

██████████████████████

████████████████████████████████████

██████████████████████████████████

████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

---

[3] I know this to be a photos and videos storage application on the phone.

22. Local path: internal storage/Movies/Telegram/███████████████████

23. TAVARES was questioned regarding the charges in Brazil. Initially, TAVARES stated that he did not wish to discuss the matter. Subsequently, TAVARES admitted to having sexual contact ███████████████ who was approximately two to three years old at the time. ███████████████████ ███████████████████████████. TAVARES indicated that these acts occurred in approximately 2022 or 2023. ███████████████ ███████████████████████████. He further stated that he had shared these photos with one individual, "probably on Telegram," in the past.

## CONCLUSION

24.  Based on the foregoing, I submit that there is probable cause to believe that on January 21, 2026, in the District of Massachusetts, TAVARES knowingly possessed any child pornography, as defined in Title as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

Accordingly, I respectfully request that that the Court issue the requested criminal complaint.

Sworn to under the pains and penalties of perjury,

Special Agent Meghan Ronayne
Homeland Security Investigations

SWORN before me telephonically pursuant to Fed. R. Crim. P. 4.1(d)(3)
this 21 day of January , 2026.

HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE